823 A.2d 804 (2003)
360 N.J. Super. 406
STATE of New Jersey, Plaintiff-Respondent,
v.
Willie D. WHITE, Jr., Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted:[1] February 20, 2003.
Decided: March 6, 2003.
*805 Yvonne Smith Segars, Public Defender, for appellant (Lon Taylor, Assistant Deputy Public Defender, of counsel and on the brief).
Thomas F. Kelaher, Ocean County Prosecutor, for respondent (Samuel J. Marzarella, Assistant Prosecutor, of counsel and on the brief).
Before Judges SKILLMAN, CUFF and WINKELSTEIN.
The opinion of the court was delivered by CUFF, J.A.D.
Following a jury trial, defendant was convicted of fourth degree possession of a controlled dangerous substance (CDS) (marijuana) contrary to N.J.S.A. 2C:35-5a (count one); third degree possession with intent to distribute CDS within 1000 feet of a school zone contrary to N.J.S.A. 2C:35-7 (count two); and fourth degree resisting arrest contrary to N.J.S.A. 2C:29-2a (count three). At sentencing the trial judge merged count one into count two and sentenced defendant to five years with a three-year period of parole ineligibility and a concurrent eighteen-month term on count three. A $100 VCCB assessment, a $30 LEOTEF penalty, a $50 lab fee, a $150 SNSF assessment, a $1000 DEDR penalty and a six month driver's license suspension were also imposed.
On May 6, 2000 at about 5:30 p.m., plain-clothed Officer Kelusak was patrolling Lakewood in an unmarked police car with Officer Bauman. At the corner of Fourth and Monmouth Streets, Officer Kelusak observed defendant driving a white Chevy Cavalier. Realizing that defendant's license was suspended, Officer Kelusak requested Officer Goertz, who was in a marked patrol car, to stop defendant.
Officer Goertz activated his lights and defendant turned into a parking lot. When Officer Goertz pulled into the parking lot, defendant had left his car and was walking toward a building on the side of the parking lot. Defendant complied with Officer Goertz's request to return to the car. Defendant asked why he had been stopped; Officer Goertz told him he had been asked by other officers to stop him.
Officers Kelusak and Bauman circled the block and pulled into the parking lot. *806 Officer Kelusak exited the car and told defendant to place his hands on the car. Defendant fled through the parking lot and jumped a fence.
Officers Kelusak and Goertz pursued defendant. As they ran, Officer Kelusak saw defendant reach into his pants. Kelusak yelled to Officer Goertz that defendant was reaching into his pants. Soon thereafter, defendant was tackled by Officers Kelusak and Goertz. When defendant tried to get up, he was tackled again.
After handcuffing defendant, Officers Kelusak and Goertz attempted to pick him up, but he remained limp, so they laid him on the ground. Officer Kelusak searched defendant's pockets and found $75, which he put back in defendant's pocket. Searching further, Officer Kelusak found a bag containing sixteen smaller bags of marijuana in the elastic ankleband of defendant's sweatpants. Defendant was removed to the Lakewood Police station, where an additional $270 was found in defendant's sock. The $75 first found in defendant's pocket was never recovered.
The parking lot in which defendant was apprehended was located between Lexington and Monmouth Avenues. The places where defendant was initially detained and where he was subdued were within 1000 feet of the Lakewood Community Center. The center is a stucco building with several rooms in which various community activities are conducted. The Lakewood Board of Education has operated an afterschool homework club at the center since approximately 1991. The club operates between 3 p.m. and 5 p.m. on school days. Approximately 100 children walk or travel by school bus from schools throughout the township to attend the club after each school day. The governing body of the township adopted an ordinance which designates the center as a school facility.
On appeal, defendant raises the following points: POINT I
THE DENIAL OF DEFENDANT'S MOTION FOR A NEW TRIAL BASED ON THE NEWLY DISCOVERED EVIDENCE THAT THE ARRESTING OFFICER AND STATE'S KEY WITNESS HAD BEEN INDICTED FOR OFFICIAL MISCONDUCT, ASSAULT AND FALSE SWEARING, DENIED DEFENDANT DUE PROCESS OF LAW AND HIS RIGHT TO CONFRONTATION UNDER BOTH THE UNITED STATES AND NEW JERSEY CONSTITUTIONS.
POINT II
SINCE THE STATE WAS AWARE OF BUT DID NOT DISCLOSE THE ARRESTING OFFICER'S MISCONDUCT PRIOR TO DEFENDANT'S TRIAL, THE STATE VIOLATED THE PRINCIPLES ENUNCIATED BY BRADY V. MARYLAND, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), AND DENIED DEFENDANT DUE PROCESS OF LAW AND HIS RIGHT TO CONFRONTATION UNDER BOTH THE UNITED STATES AND NEW JERSEY CONSTITUTIONS. (Not Raised Below).
POINT III
SINCE THERE WAS NO OBJECTIVE INDICIA THAT THE LAKEWOOD COMMUNITY CENTER WAS USED FOR SCHOOL PURPOSES, IT WAS NOT "SCHOOL PROPERTY" PURSUANT TO N.J.S.A. 2C:35-7 AND DEFENDANT'S MOTION FOR A JUDGMENT OF CONVICTION ON THAT CHARGE SHOULD HAVE BEEN GRANTED.
POINT IV
*807 THE TRIAL COURT'S FAILURE TO INSTRUCT THE JURY THAT THE STATE MUST PROVE THAT THE LAKEWOOD COMMUNITY CENTER WAS USED FOR SCHOOL PURPOSES BEYOND A REASONABLE DOUBT DENIED DEFENDANT DUE PROCESS OF LAW AND A FAIR TRIAL UNDER BOTH THE UNITED STATES AND NEW JERSEY CONSTITUTIONS (Not Raised Below).
POINT V (Mislabeled as POINT IV in the brief)
THE PROSECUTOR'S COMMENT IN SUMMATION THAT THE "SCHOOL ZONE IS SET UP AS A SAFETY ZONE FOR THE CHILDREN... SO THAT THEY'RE PROTECTED FROM PEOPLE LIKE MR. WHITE WHO COULD PREY ON THEM AND SELL THEM DRUGS," WENT WAY BEYOND THE EVIDENCE AND FAIR INFERENCES ADDUCED AT TRIAL, MANDATING THE REVERSAL OF DEFENDANT'S CONVICTIONS. (Not Raised Below).
POINT VI (mislabeled as POINT V in the brief)
THE JUDGE REPEATEDLY MISINFORMED THE JURORS THAT THEIR ROLE WAS TO DETERMINE THE GUILT OR INNOCENCE OF DEFENDANT, THEREBY REDUCING THE STATE'S EXCLUSIVE BURDEN IN PROVING DEFENDANT'S GUILT BEYOND A REASONABLE DOUBT. (Not Raised Below).
Having carefully reviewed the record in light of the arguments raised by defendant, we conclude that Points I, II and V (mislabeled as Point IV in defendant's brief) are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We confine our discussion to defendant's arguments that there were insufficient objective criteria that the Lakewood Community Center was used for school purposes, that the charge on count two (the school zone offense) was inadequate, and that the trial judge erred when he used the phrase "guilt or innocence" throughout his charge. We conclude that the trial judge did not err when he denied defendant's motion for judgment on count two, but the charge on count two was flawed because the jury was not required to consider whether the center was used for school purposes.
Generally, a defendant's motion for judgment must be denied if there is sufficient evidence to warrant conviction. R. 3:18-1. The trial judge must determine whether, "viewing the State's evidence in its entirety, ... and giving the State the benefit of all its favorable testimony as well as all of the favorable inferences which reasonably could be drawn therefrom, a reasonable jury could find guilt of the charge beyond a reasonable doubt." State v. Reyes, 50 N.J. 454, 458-59, 236 A.2d 385 (1967).
Defendant was charged in count two of the indictment with violating N.J.S.A. 2C:35-7, which provides that a person who distributes or possesses a controlled dangerous substance with the intent to distribute within 1000 feet of any school property is guilty of a third degree offense. A person convicted of this offense must serve a mandatory prison term. N.J.S.A. 2C:35-7. In State v. Ivory, 124 N.J. 582, 592 A.2d 205 (1991), the Court addressed the issue of applicability of the statute to ambiguous properties. The Court stated that when a property is ambiguous, evidence other than the map and ordinance may be considered to resolve the question whether *808 the property is "regularly, consistently, and actually `used for school purposes.'" Id. at 592, 592 A.2d 205. Published schedules, newspaper accounts of school events, leases, use of the premises by uniformed students and notice of use may in combination establish that an ambiguous property was used for school purposes. Id. at 590-92, 592 A.2d 205.
Here, the State presented evidence that 100 primary and middle school students converge on the center every school day between 3 p.m. and 5 p.m. Some arrive by school bus; some walk. The club has been in existence for approximately ten years. The State also produced the lease between the board of education and the township, and the director described the operation of the club. On the other hand, the building did not bear the legend of a school and many community activities were conducted at the center. The evidence produced by the State would allow a reasonable jury to find that the facility was operated for school purposes. Therefore, the motion for judgment was properly denied. Reyes, supra. Nevertheless, the use of the center created an issue which the jury was required to resolve.
The burden of establishing each element of the offense remains with the State. State v. Thomas, 132 N.J. 247, 254, 624 A.2d 975 (1993). Use of a property for school purposes is an essential element of a school zone narcotics offense. Ivory, supra, 124 N.J. at 591, 592 A.2d 205. The charge to the jury must explain the law in the context of the facts of the particular case. State v. Martini, 131 N.J. 176, 271, 619 A.2d 1208 (1993).
Here, the issue was not whether defendant knew that the Lakewood Community Center was used for school purposes. The issue raised by defendant was whether "an objectively reasonable person could know that the school property was used regularly, consistently, and actually for school purposes." Ivory, supra, 124 N.J. at 592, 592 A.2d 205. When that element of the offense is in dispute, the jury must be informed that it is an issue and be provided an appropriate instruction to resolve the issue. In fact, the Model Jury Charge for the N.J.S.A. 2C:35-7 offense specifically recommends language for use when defendant contests whether an objectively reasonable person would know the property was used for school purposes. It provides:
In addition to determining whether property is school property, you must determine the purpose for which it is used. You must decide whether the property is regularly, consistently, and actually used for school purposes, and whether the property's appearance would give an objectively reasonable person reason to know that it was used regularly, consistently, and actually for school purposes.
[New Jersey Model Jury Charges (Criminal), N.J.S.A. 2C:35-7 (approved January 6, 1992).]
The trial judge omitted this language and we hold this omission was error under the facts of this case. We also cannot consider the error harmless. Error in a charge is presumed reversible error when it concerns an element of the offense critical to the jury's determination. State v. Warren, 104 N.J. 571, 579, 518 A.2d 218 (1986). The central issue in this case was whether an objectively reasonable person could know the center was regularly used for school purposes and the jury was not given an instruction to resolve that issue. Therefore, we reverse the conviction on count two and remand for a new trial solely on count two. The conviction on *809 count one is affirmed because the error in the charge did not affect this conviction.
Although we do not consider the use of the phrase "guilt or innocence" throughout the charge error which in isolation would require a new trial, we comment on its use because a new trial on count two is required. A jury is asked to consider the evidence and determine whether a defendant is guilty beyond a reasonable doubt. If the jury concludes that the State has not carried its burden of proof, it returns a verdict of not guilty. A verdict of not guilty is not synonymous with innocence; innocence connotes a person free from blame. A not guilty verdict simply means the jury found that the State did not carry its burden of proof.
The trial judge provided a reasonable doubt charge consistent with the rule announced in State v. Medina, 147 N.J. 43, 685 A.2d 1242 (1996), cert. denied, 520 U.S. 1190, 117 S.Ct. 1476, 137 L.Ed.2d 688 (1997). The injection of the concept of innocence, however, may tend to reduce the State's burden of proof because of the starkly different choices presented to the jury. Therefore, the use of the term "guilt or innocence" should be avoided in the future.
The conviction on count one is affirmed; the conviction on count two is reversed and the matter is remanded for a new trial on count two and re-sentencing on count one.
NOTES
[1] Although originally scheduled for argument on February 19, 2003, counsel agreed to submit on the papers when argument was rescheduled for February 20, 2003, due to a snowstorm.