840 A.2d 952 (2004)
366 N.J. Super. 226
STATE of New Jersey, Plaintiff-Respondent,
v.
Nequita TROTMAN, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted October 29, 2003.
Decided February 5, 2004.
*953 Yvonne Smith Segars, Public Defender, attorney for appellant (Donald T. Thelander, Assistant Deputy Public Defender, of counsel and on the brief).
Wayne J. Forrest, Somerset County Prosecutor, attorney for respondent (James L. McConnell, Assistant Prosecutor, of counsel and on the brief).
Before Judges KESTIN, CUFF and AXELRAD.
The opinion of the court was delivered by CUFF, J.A.D.
Following a jury trial, defendant was convicted of third degree distribution of a controlled dangerous substance (CDS) (cocaine), contrary to N.J.S.A. 2C:35-5a(1) and 2C:35-5b(3) (Count One); and second degree distribution of CDS within 500 feet of a public housing facility, contrary to N.J.S.A. 2C:35-7.1 (Count Two). Defendant was sentenced to a flat seven-year term on Count Two, and a four-year term on Count One, which the trial judge then merged with Count Two. The appropriate fines, fees, assessments, penalties, and suspension of driving privileges were also imposed.
On appeal, defendant raises the following issue:
THE DEFENDANT'S CONVICTION ON COUNT TWO IS CONSTITUTIONALLY DEFICIENT AND MUST BE VACATED BECAUSE THE STATE FAILED TO PROVE, BEYOND A REASONABLE DOUBT, AN ELEMENT OF THIS OFFENSE, THAT DEFENDANT DISTRIBUTED THE CDS "WITHIN 500 FEET OF A PUBLIC HOUSING FACILITY WHICH IS OWNED BY OR LEASED TO A HOUSING AUTHORITY ACCORDING TO THE `LOCAL REDEVELOPMENT AND HOUSING LAW,' P.L.1992, c. 79 (C. 40A:12A-1 et seq.)...." (N.J.S.A. 2C:35-7.1; EMPHASIS ADDED). THEREFORE, THE TRIAL COURT COMMITTED CONSTITUTIONAL ERROR IN NOT GRANTING DEFENSE COUNSEL'S MOTION FOR A JUDGMENT OF ACQUITTAL AT THE CONCLUSION OF THE STATE'S CASE. U.S. CONST. AMENDS. V, XIV; N.J. CONST. (1947), ART. I, PAR. 10.
Our review of the record reveals that the State produced proof, sufficient in quality and quantity, for the jury to find that *954 defendant distributed cocaine within 500 feet of a public housing facility. Therefore, we affirm.
Defendant does not challenge the finding that she distributed cocaine; we concentrate on the evidence produced by the State to establish that the site of the distribution was proximate to a public housing facility. The trial record reveals that on September 6, 2001, defendant resided at 192-94 Victor Street, an apartment building in Franklin Township, Somerset County. Cynthia Crum, a confidential informant, stood in front of the building. She was accompanied by Special Agent Gregory Hilton of the Drug Enforcement Administration. Crum waved to defendant and asked her to come downstairs.
When defendant appeared, Crum turned to Agent Hilton and asked, "three for fifty?" When defendant asked Hilton what he needed, he responded "three," which meant three bags of cocaine. Defendant took out a set of keys and entered a vehicle which was parked directly in front of the building. Defendant leaned over the center console and pulled out a clear, plastic sandwich bag which contained several smaller bags of a white powdery substance. Defendant left the vehicle and proceeded to the doorway of her apartment where she exchanged the bags containing cocaine for $50.
Officer Michael Price of the Franklin Township Police Department testified that the transaction occurred in an area within 500 feet of the Parkside Public Housing Facility, a public housing facility. The officer also identified a map, which depicted the area surrounding the Parkside Public Housing Facility.
DeWayne Cruse, the Executive Director of the Franklin Township Housing Authority, testified that the Parkside Public Housing Facility is a low income housing facility owned by the United States Department of Housing and Urban Development. The facility also receives funding from the State of New Jersey. He stated that he was responsible for the management of "a hundred units of public housing, 60 family[, forty] elderly, [and] 115 units of section eight housing." The section eight housing is "scattered site public housing."
Using the map, he stated that the Parkside Public Housing Facility is located "[u]p and down Parkside Street and on Mark and Victor Street[s]." Forty units of housing for the elderly are located on Victor, Mark and Pershing Streets. Other units of public housing are located on Parkside and Fuller Streets. The building in which defendant resided was not part of the Parkside Public Housing Facility but was within 500 feet of it.
At the conclusion of the State's case, defendant moved for a judgment of acquittal. She argued that the description of the Parkside complex fit neither the description of public housing contained in N.J.S.A. 40A:12A-1 nor that in N.J.S.A. 2C:35-7.1. Defendant contended that the map may indicate no more than an area designated for public housing for various segments of the population and different financial models, whereas N.J.S.A. 2C:35-7.1 contemplates a building or series of structures owned by or leased to a local public housing authority and occupied by persons of low income. The motion was denied. On appeal, defendant argues that the prosecutor failed to submit proof that the housing was owned by or leased to a local housing authority in accordance with law. Stated differently, defendant contends that the State failed to prove that the housing owned or managed by the Franklin Township Housing Authority fits the statutory definition of public housing. She asserts that the trial judge should have granted her motion for a new trial and that her conviction should be reversed.
*955 Defendant was charged under N.J.S.A. 2C:35-7.1, the drug free public housing zone statute. Section 7.1 states in pertinent part:
a. Any person who violates subsection a. of N.J.S. 2C:35-5 by distributing, dispensing or possessing with intent to distribute a controlled dangerous substance or controlled substance analog while in, on or within 500 feet of the real property comprising a public housing facility, a public park, or a public building is guilty of a crime of the second degree, except that it is a crime of the third degree if the violation involved less than one ounce of marijuana.

[N.J.S.A. 2C:35-7.1a.]
Under this section, anyone selling drugs within 500 feet of a public housing facility is guilty of a second degree crime. Defendant argues that the prosecution failed to provide sufficient evidence that the drug transaction occurred within 500 feet of a public housing facility. A public housing facility is defined as:
[A]ny dwelling, complex of dwellings, accommodation, building, structure or facility and real property of any nature appurtenant thereto and used in connection therewith, which is owned by or leased to a local housing authority in accordance with the "Local Redevelopment and Housing Law," P.L.1992, c. 79 (C.40A:12A-1 et seq.) for the purpose of providing living accommodations to persons of low income.

[N.J.S.A. 2C:35-7.1f.]
Defendant contends that the evidence presented by the prosecution failed to establish that the public housing facility was owned or leased in accordance with N.J.S.A. 40A:12A-1 to -49, Local Redevelopment and Housing Law (LRHL).
A defendant cannot be convicted of a crime, unless each element is proved beyond a reasonable doubt. In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368, 375 (1970). "This mantra is a fundamental principle to our criminal jurisprudence." State v. Thomas, 132 N.J. 247, 253, 624 A.2d 975 (1993). "The burden of establishing each element of the offense remains with the State." State v. White, 360 N.J.Super. 406, 412, 823 A.2d 804 (App.Div.2003). Mandating that the State discharge this burden "is essential to the protection of a defendant's basic constitutional rights." Thomas, supra, 132 N.J. at 253, 624 A.2d 975. Based upon this case law, the prosecution must prove beyond a reasonable doubt that (1) defendant distributed drugs (2) within 500 feet of a public housing facility owned or leased in accordance with the LRHL.
Subsection (e) of N.J.S.A. 2C:35-7.1 establishes the type of proof necessary to demonstrate that the property was a public housing facility owned or leased in accord with the LRHL. In pertinent part it provides:
e. In a prosecution under this section, a map produced or reproduced by any municipal or county engineer for the purpose of depicting the location and boundaries of the area on or within 500 feet of a public housing facility which is owned by or leased to a housing authority according to the "Local Redevelopment and Housing Law," P.L.1992, c. 79 (C.40A:12A-1 et seq.), the area in or within 500 feet of a public park, or the area in or within 500 feet of a public building, or a true copy of such a map, shall, upon proper authentication, be admissible and shall constitute prima facie evidence of the location and boundaries of those areas, provided that the governing body of the municipality or county has adopted a resolution or ordinance approving the map as official finding and record of the location and boundaries of the area or areas on or within 500 feet of *956 a public housing facility, a public park, or a public building. Any map approved pursuant to this section may be changed from time to time by the governing body of the municipality or county. The original of every map approved or revised pursuant to this section, or a true copy thereof, shall be filed with the clerk of the municipality or county, and shall be maintained as an official record of the municipality or county. Nothing in this section shall be construed to preclude the prosecution from introducing or relying upon any other evidence or testimony to establish any element of this offense; nor shall this section be construed to preclude the use or admissibility of any map or diagram other than one which has been approved by the governing body of a municipality or county, provided that the map or diagram is otherwise admissible pursuant to the Rules of Evidence.

[N.J.S.A 2C:35-7.1e (emphasis added).]
The State concedes that it produced the deed and ordinance designating the property as public housing in discovery, but did not introduce either document into evidence.
There is no case law interpreting this lengthy provision. The only cases which address N.J.S.A. 2C:35-7.1 concern its merger provisions, not the adequacy of proof. The cases which address N.J.S.A. 2C:35-7, the drug free school zone statute, are persuasive. Several commentators suggest that case law developed under N.J.S.A. 2C:35-7 is applicable under N.J.S.A. 2C:35-7.1. See, e.g., 33A N.J. Practice, Criminal Law § 25.18, at 54 (Gerald D. Miller)(3rd ed.2001); Cannel, New Jersey Criminal Code Annotated, comment on N.J.S.A. 2C:35-7.1 (2003). This notion is further strengthened by the nearly identical language between N.J.S.A. 2C:35-7.1e and N.J.S.A. 2C:35-7. In fact, the only differences between the statutes are that the words, "public housing facility," "public park" and "public building," replace "any school property" and the 500 feet requirement of N.J.S.A. 2C:35-7.1 replaces the 1,000 feet requirement of N.J.S.A. 2C:35-7. See N.J.S.A. 2C:35-7; N.J.S.A. 2C:35-7.1a.
State v. Thomas, supra, a school zone case, is instructive. In Thomas, the defendant was arrested for possessing cocaine within 1,000 feet of a school. Thomas, supra, 132 N.J. at 251-52, 624 A.2d 975. At his trial, defense counsel stipulated to a map outlining the 1,000 feet "drug free school zone." Id. at 252, 624 A.2d 975. Then, the prosecutor questioned the arresting detective regarding the map. Ibid. In particular, the following exchange occurred:
Q: Officer, I am going to show you * * * what has been marked S-5 and placed in evidence. Do you know what that is, Officer?
A: Yes. This is a map indicating where the schools are in the City of Newark and this portion of the City of Newark would be 1,000 feet radius of the school which is marked with a circle.
Q: Could you mark on this map where the defendant's automobile was located when you made the arrest?
A: Right here. That would be 799 S. 15th Street.
Q: Is there a school in the area of that?
A: Yes. Well, within a thousand feet would be Madison Avenue School.
Q: How do you know that's within 1,000 feet?
A: It is within the perimeter of the circle which indicates 1,000 feet.

[Ibid.] *957 Eventually, the defendant was convicted of the school zone violation. Ibid. The Court found sufficient evidence in the record to support the jury's determination that the transaction occurred within a school zone. Id. at 251, 624 A.2d 975.
In making its decision, the Court noted that when N.J.S.A. 2C:35-7 was originally enacted it did not contain any provision dealing with the type of proof required to establish that property was used for school purposes. Id. at 254, 624 A.2d 975. The Court then acknowledged that "[i]n 1988, the Legislature amended the statute and authorized municipalities and counties to produce a map `for the purpose of depicting the location and boundaries of the area on or within 1,000 feet' " of any school property. Ibid. The Court noted that this amendment provided that the map would constitute prima facie evidence of the location and boundaries of the school property. Ibid. Finally, the Court determined that there were two prerequisites to create this presumption: "(1) the map must be properly authenticated; and (2) `the municipality or county [must have] adopted a resolution or ordinance approving the map as official finding [sic] and record of the location and boundaries of the area....'" Ibid.
In Thomas, however, the prosecution did not introduce this ordinance into evidence. Id. at 257, 624 A.2d 975. The Supreme Court noted that "[t]he prosecution need not rely on the statutory presumption." Id. at 256, 624 A.2d 975. The Court went on to determine that N.J.S.A. 2C:35-7 "allows the prosecution to use any other evidence to establish that the school property was used for school purposes." Ibid.
Here, the prosecution failed to introduce the ordinance approving the map and only introduced the map itself. Therefore, the prima facie presumption created by N.J.S.A. 2C:35-7.1e is not applicable. Nevertheless, N.J.S.A. 2C:35-7.1e provides that the prosecutor is not precluded from introducing any other evidence or testimony to establish an element of the offense. N.J.S.A. 2C:35-7.1e. In addition, the statute provides that any map can be used to demonstrate the area of a drug free public housing zone, if that map is admissible under the Rules of Evidence. Ibid. Furthermore, in Thomas, supra, the Supreme Court created a standard of review when the prosecution fails to use the prima facie presumption. Significantly, an appellate court evaluating the sufficiency of the evidence must determine " `whether, viewing the State's evidence in its entirety, be that evidence direct or circumstantial, and giving the State the benefit of all its favorable testimony as well as all of the favorable inferences which reasonably could be drawn therefrom, a reasonable jury could find guilt of the charge beyond a reasonable doubt.'"
[Thomas, supra, 132 N.J. at 256, 624 A.2d 975 (quoting State v. Martinez, 97 N.J. 567, 571-72, 483 A.2d 117 (1984) (quoting State v. Reyes, 50 N.J. 454, 459, 236 A.2d 385 (1967))).]
The Court also noted that a reasonable inference can be drawn "when `it is more probable than not that the inference is true; the veracity of each inference need not be established beyond a reasonable doubt in order for the jury to draw the inference.' " Ibid. (quoting State v. Brown, 80 N.J. 587, 592, 404 A.2d 1111 (1979)). Under this strict standard, defendant has failed to demonstrate that there was not sufficient evidence for a reasonable jury to determine defendant was guilty.
In particular, the prosecution presented the following evidence. First, Officer Price testified that he had eighteen years *958 of experience in the area of the Parkside Public Housing Facility. In addition, the officer testified that the Parkside Public Housing Facility was a public housing project. Officer Price also testified that he had previously used a similar map to determine if other drug transactions occurred within 500 feet of the Parkside Public Housing Facility. Finally, Officer Price noted that the drug transaction between defendant and Agent Hilton took place within the 500-foot radius of the Parkside Public Housing Facility.
The State also introduced the testimony of DeWayne Cruse, who specifically described the area depicted by the map. Cruse is the Executive Director of the Franklin Township Housing Authority. In addition, Cruse worked for the Authority for thirty years. First, Cruse identified the map as delineating the Parkside Public Housing Facility. Cruse described Parkside as a low income housing facility providing units for low income families and senior citizens. Notably, he identified the location of forty senior citizen units, all of which were located within 500 feet of the site of the drug transaction. He also identified the owner of the property and the source of the funding for the facility. Finally, Cruse acknowledged that the Parkside Public Housing Facility was the only low income housing in the area.
Besides the testimony of Officer Price and Director Cruse, the prosecution introduced the map of the Parkside Public Housing Facility. The map was actually stipulated to by defendant's counsel. With the map and the testimony of the two witnesses, the State provided sufficient evidence for a reasonable jury to find defendant guilty.
Defendant continually argues that the prosecution has not established that the land was owned or leased under the LRHL. Defendant appears to believe that the prosecution was required to demonstrate via documentation or testimony that the land's title or lease met the requirements of the LRHL. This characterization misses the point. The language referring to the LRHL deals with the property's use, not the validity of title. This distinction is best represented by again comparing the language of N.J.S.A. 2C:35-7.1 with the language and case law of N.J.S.A. 2C:35-7.
Under N.J.S.A. 2C:35-7, the prosecution must prove the land was owned or leased to a school, while under N.J.S.A. 2C:35-7.1 the prosecution must demonstrate that the land was owned or leased to a housing authority in accordance with the LRHL. This language does not require the prosecution to demonstrate ownership. In State v. Baez, the defendant was convicted of possession of CDS within 1,000 feet of school property pursuant to N.J.S.A. 2C:35-7. State v. Baez, 238 N.J.Super. 93, 95, 569 A.2d 268 (App.Div.), certif. denied, 121 N.J. 644, 583 A.2d 335 (1990). This court determined that "[t]he Legislature did not intend the language [of N.J.S.A. 2C:35-7] ... to limit application of the statute depending upon the manner in which title to the school property is held, but rather to limit application of the statute to elementary and secondary schools." Id. at 98, 569 A.2d 268. This determination recognizes that the statute was concerned with the use of the property, not title. We went on to note that:
The Legislature used the words "owned by" and, by amendment, "owned by or leased to" to express what it assumed were the only ways a school or school board could hold title "to school property used for school purposes." The manner in which a school board holds title to property used for school purposes is not an element of an offense that is intended to protect school children.

*959 [Ibid.]
When the reasoning of Baez is applied to the statutory language of N.J.S.A. 2C:35-7.1, we conclude that the Legislature did not intend for the prosecution to prove as an element of the offense that the housing authority possessed valid title to the public housing units. Rather, the statute seeks to ensure that the property in question is being used as a public housing facility. At this point, N.J.S.A. 2C:35-7.1f is instructive. Its broad definition of public housing facility encompasses the definition of "public housing" under N.J.S.A. 40A:12A-3. In particular, section 40A:12A-3 defines public housing as "any housing for persons of low and moderate income owned by a municipality, county, the State or the federal government, or any agency or instrumentality thereof." N.J.S.A. 40A:12A-3. This broad definition is satisfied by the testimony of Officer Price and Director Cruse regarding the Parkside Public Housing Facility.
The State produced sufficient evidence from which the jury could find beyond a reasonable doubt that defendant distributed cocaine within 500 feet of a public housing facility. The trial judge properly denied defendant's motion for a new trial and the conviction is affirmed.
We remand, however, to the Law Division to correct the Judgment of Conviction. Prior to merging Count One into Count Two, the trial judge imposed a fouryear term of incarceration. In a case of merger, such as this, a separate sentence should not be imposed on the count which must merge with another offense.
The convictions are affirmed; remanded to correct the Judgment of Conviction.