**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0768-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

KESHAWN R. TUCKER,
a/k/a KESAHWN TUCKER,

     Defendant-Appellant.

_____

Argued January 5, 2022 – Decided January 21, 2022

Before Judges Sabatino and Mayer.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 17-05-1315.

Alicia J. Hubbard, Assistant Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Ashley T. Brooks, Assistant Deputy Public Defender, of counsel and on the briefs).

Lucille M. Rosano, Special Deputy Attorney General/Acting Assistant Prosecutor, argued the cause for respondent (Theodore N. Stephens II, Acting Essex County Prosecutor, attorney; Lucille M. Rosano, of counsel and on the briefs).

PER CURIAM

Defendant Keshawn R. Tucker appeals from a May 9, 2019 order denying his motion to suppress drug evidence. He also appeals from the sentence imposed after being convicted by a jury of drug related offenses. We affirm.

The following facts are derived from an evidentiary hearing on defendant's motion to suppress. In the early morning hours on March 11, 2017, Officers Roy Vasquez and Miguel Costa of the Newark Police Department were on routine patrol. The officers passed defendant driving in the opposite direction and noted he was not wearing a seatbelt. The officers followed defendant but did not activate the patrol car's lights or siren. Officer Vasquez observed defendant pull into a parking space and stopped his patrol car near defendant's car. When the officers approached the car, defendant drove away, crossed two lanes of traffic without signaling, and cutoff another vehicle. A short time later, defendant parked his car in a private driveway. Defendant did not reside at the residence where he parked. Because defendant's car blocked the driveway and sidewalk, the officers conducted a motor vehicle stop.[1]

---

[1] On appeal, defendant did not challenge the validity of the motor vehicle stop.

A-0768-19

Officer Vasquez saw defendant "moving inside the vehicle," shifting his hands "a little bit," and waving his arms "back and forth." Vasquez asked defendant to stop moving. Because defendant could not hear what the officer said, defendant exited his car and walked toward the officers. Vasquez ordered defendant to return to the car and he did so.

Officer Vasquez requested defendant's license, registration, and proof of insurance. Defendant supplied a Florida driver's license, proof of insurance, but could not provide a valid vehicle registration. After checking defendant's license, Officer Vasquez discovered defendant's New Jersey driver's license expired and his driving privileges in this State were suspended. Additionally, defendant had an open arrest warrant in Newark for failing to appear in court. As a result, Officer Vasquez placed defendant under arrest.

Because defendant's car was illegally parked, the officers advised the car would be towed unless defendant could arrange for someone to retrieve it. Defendant explained he could not arrange for someone to pick up his car. Knowing the car would towed, defendant asked the officers to retrieve the following personal items from his car: a red sweater from the backseat, cell phones and medication on the front passenger seat, and a black watch in the center console. According to Officer Vasquez, defendant was "adamant that he

A-0768-19

really wanted [those items]." Officer Vasquez agreed to retrieve the specified items per defendant's request. The officer testified he had no reason to enter the car and would not have done so absent defendant asking for the personal items in his car.

Officer Vasquez entered the defendant's car through the open driver's side door. When he reached into the backseat to retrieve the sweater, the officer looked down between the driver's seat and center console and saw two white-topped glass vials. Suspecting the vials contained cocaine, Vasquez confiscated the items.

Officer Vasquez continued to retrieve the other items defendant requested. When the officer opened the center console to retrieve defendant's watch, he saw a zipper sealed bag sticking out of a second compartment beneath the first compartment of the car's console. The officer tugged the bag, which caused the second compartment to open. Vasquez then saw two zipper sealed bags. One bag contained 155 glassine envelopes, later determined to be heroin, and the other bag contained ninety-four clear vials, later determined to be cocaine. Officer Vasquez seized the drugs and defendant's personal items and returned to his patrol car.

4

In his written incident report, Officer Vasquez wrote, "Before being towed this officer conducted an inventory of the vehicle for personal items." At the suppression hearing, Officer Vasquez admitted neglecting to mention in his report that defendant gave him permission to enter the car. Vasquez explained he was new to the job and the omission "was an oversight."

On May 1, 2019, the trial judge held an evidentiary hearing on defendant's motion to suppress the drug evidence, during which Officer Vasquez testified. In denying the motion, the judge found the officers had reasonable suspicion to conduct a motor vehicle stop based on defendant crossing two lanes of traffic without signaling and cutting off another vehicle. Based on Officer Vasquez's credible testimony, the judge held defendant consented to a limited search of his car to retrieve a watch in the center console, medication and cell phones in the front seat, and a sweater in the back seat. While retrieving these items at defendant's request, Officer Vasquez discovered two vials of cocaine in plain view. Consequently, the judge concluded the officer had probable cause to search defendant's car for contraband and conducted a valid warrantless search, finding still more drugs in the car. Even if the search of the car was unlawful, the judge determined the drugs would have been found under the inevitable discovery doctrine because, at the impound facility, the "vehicle would have

been inventoried and the vials of cocaine that were in plain sight would have been seen, thereby giving rise to the automobile exception."

After denial of his suppression motion, defendant proceeded to trial. A jury found defendant guilty on all counts. The judge sentenced defendant to an extended term of five years with three years of parole ineligibility, consisting of concurrent five-year sentences with mandatory three-year parole terms on the possession of drugs in a school zone counts, concurrent to the five-year sentences on the other four drug counts. The judge also determined the sentence would be consecutive to a nine-year sentence with a four-and-a half-year period of parole ineligibility on defendant's separate conviction for another drug offense. The aggregate sentence for the two criminal matters was fourteen years with a seven-and-a-half-year period of parole ineligibility.

On appeal, defendant raises the following arguments:

POINT I

THE TRIAL COURT ERRED IN DENYING SUPPRESSION BECAUSE THE SEARCH WAS NEITHER A VALID CONSENT SEARCH NOR A REASONABLE INVENTORY SEARCH, AND THE INEVITABLE-DISCOVERY EXCEPTION DOES NOT APPLY.

A. The Trial Court Erred in Finding the Evidence Admissible Under the Consent Search Exception to the Warrant Requirement Because the State Did Not – and

6

Cannot – Show that Consent Was Knowingly and Voluntarily Given.

B.   The Inventory Search Exception to the Warrant Requirement Does Not Apply Because the Police Did Not Give Tucker the Opportunity to Make His Own Arrangements for His Belongings and Did Not Complete a Genuine Inventory Search.

C.   The Trial Court Erred in Finding that the Inevitable-Discovery Exception to [the] Exclusionary Rule Applied Because the State Did Not Show that the Evidence Would Have Been Discovered Pursuant to a Lawful Inventory Search.

In his supplemental brief filed pursuant to this court's July 26, 2021 order, defendant raises the following additional points:

POINT II

RESENTENCING IS REQUIRED BECAUSE THE COURT DID NOT CONSIDER THE OVERALL FAIRNESS OF THE AGGREGATE SENTENCE BEFORE ORDERING THAT THE SENTENCE IMPOSED IN THIS CASE RUN CONSECUTIVE TO THE SENTENCE IMPOSED ON A SEPARATE INDICTMENT.

POINT III

THE POSSESSION, POSSESSION WITH INTENT TO DISTRIBUTE, AND POSSESSION WITH INTENT TO DISTRIBUTE IN A SCHOOL ZONE COUNTS MUST BE MERGED AND THE JUDGMENT OF CONVICTION MUST BE CORRECTED.

7

We first address defendant's argument that the trial judge erred by denying his motion to suppress the drug evidence seized from his car.

Our standard of review of the trial court's factual findings in the context of deciding a motion to suppress evidence in a criminal case is well-settled. We are bound to uphold the factual findings, provided those findings are "supported by sufficient credible evidence in the record." State v. Scriven, 226 N.J. 20, 40 (2016). We may reject the judge's findings "only if they are so clearly mistaken 'that the interests of justice demand intervention and correction.'" State v. Elders, 192 N.J. 224, 244 (2007) (quoting State v. Johnson, 42 N.J. 146, 162 (1964)). However, we review de novo the judge's legal conclusions. State v. Watts, 223 N.J. 503, 516 (2015).

Defendant argues he did not knowingly and voluntarily consent to Officer Vasquez searching his car and, therefore, the judge should have suppressed the drug evidence. Defendant further claims the officers failed to tell him he could refuse the search or, alternatively, arrange for someone to retrieve his personal belongings prior to having the car towed to an impound facility.

We reject the lack of knowing and voluntary consent to search argument because defendant invited Officer Vasquez to enter the car to retrieve personal items. This was not a search for contraband after a motor vehicle stop. The

8

judge determined Officer Vasquez credibly testified that he had no intent to enter the car but for defendant asking him to retrieve specific personal belongings inside.

When a defendant voluntarily leads the police to contraband without an express or implied request to search, he waives the State's burden of demonstrating knowing and voluntary consent. See, e.g., State v. McGivern, 167 N.J. Super. 86 (App. Div. 1979) (police asked defendant at a traffic stop if he had any luggage and defendant responded by opening the trunk and revealing marijuana); State v. Humanik, 199 N.J. Super. 283 (App. Div. 1985) (defendant's sister handed police an incriminating letter without being asked); State v. Koedatich, 112 N.J. 225, 260-64 (1988) (defendant contacted the police to report an assault that occurred while he was in his car and the police, responding to defendant's report of the incident, found incriminating evidence inside the car related to a different crime).

This case is similar to McGivern. In McGivern, during a proper motor vehicle stop, the officer asked the defendant if he had any luggage in the car. 67 N.J. Super. at 88. Rather than responding to the officer's inquiry, the defendant exited his car and opened the trunk, revealing a strong odor of marijuana. Ibid. In that case, we held:

The issue of a knowing consent, or for that matter any consent, is not involved in the case at bar. If a person chooses to disclose contraband or evidence thereof as to which he ordinarily would be protected by virtue of his constitutional rights, without that course being initiated by the police, he does so at his peril. Here defendant failed to respond to the trooper's question as to whether he had luggage in the vehicle. Instead, he, for some reason known only to himself, chose to open the trunk. Once that occurred, the trooper was free to act on the basis of what his senses revealed.

[Id. at 89 (internal citations omitted).]

Defendant's consent was not required under the specific circumstances presented in this case. Here, there is no viable issue regarding consent to search the car because defendant initiated the officer's entry into the car where the drug evidence was in plain view. Defendant did not deny expressly asking the officer to retrieve personal items from inside his car. Like the defendant in McGivern, defendant's invitation to Officer Vasquez revealed drugs that otherwise have been protected.

Defendant also contends the seized drug evidence should have been suppressed because the police failed to advise him of every available option to secure his personal property. Defendant admits he was informed of the right to arrange for someone to pick up his car or his car would be towed to an impound

10

facility. Defendant maintains the police "had to separately advise him of his right to make other arrangements for the safekeeping of his belongings."

We reject defendant's alternative argument for suppression of the drug evidence. Defendant told Officer Vasquez he was unable to arrange for someone to pick up his car. It was reasonable for the officer to presume if no one was available to drive defendant's car from the scene, then no one was available to retrieve the personal items from the vehicle. Defendant offered no case law requiring law enforcement to advise a defendant that someone could retrieve personal items from the car if there was no one available to drive the car from the scene. In any event, defendant has proffered no such individual.

Because we affirm the denial of defendant's motion to suppress the drug evidence for the reasons stated, we need not resolve whether the judge erred in finding the drug evidence admissible under the inevitable discovery doctrine. For the sake of completeness, we do note it is unlikely the doctrine applied here because the State offered no evidence, let alone the required clear and convincing evidence, the drugs would inevitably have been discovered based on established procedures of the Newark Police Department governing the inventory of personal items when a vehicle is towed to an impound facility. See State v. Maltese, 222 N.J. 525, 552 (2015) (establishing factors satisfying the

State's burden of demonstrating normal police procedures inevitably would have led to the discovery of the seized evidence).

We next consider defendant's arguments in support of a remand for resentencing. We agree this matter should be remanded to the trial court for that purpose.

First, the parties do not dispute that certain counts of defendant's convictions must be merged. Under the doctrine of merger, "a separate sentence should not be imposed on the count which must merge with another offense." State v. Trotman, 366 N.J. Super. 226, 237 (App. Div. 2004). "The doctrine of merger is based on the concept that 'an accused [who] committed only one offense . . . cannot be punished as if for two.'" State v. Tate, 216 N.J. 300, 302 (2013) (quoting State v. Davis, 68 N.J. 69, 77 (1975)).

Since possession of drugs with intent to distribute in a school zone cannot be committed without possession with intent to distribute drugs, these counts should be merged. See State v. Gonzalez, 123 N.J. 462, 464 (1991) (holding the conviction for possession with intent to distribute should merge with the conviction for possession with intent to distribute within 1,000 feet of a school zone); State v. Rechtschaffer, 70 N.J. 395, 411-12 (1976) (holding the conviction for possession should merge with intent to distribute that substance).

The State agrees defendant's convictions on counts one and two (possession of cocaine and possession of cocaine with intent to distribute) should be merged with his conviction on count three (possession of cocaine with intent to distribute within a school zone) and his convictions on counts four and five (possession of heroin and possession of heroin with intent to distribute) should be merged with his conviction on count six (possession of heroin with intent to distribute within a school zone). Thus, we remand for the judge to merge these counts.

We also remand for the judge to consider the overall fairness of imposing consecutive sentences. While this appeal was pending, the New Jersey Supreme Court decided State v. Torres, 246 N.J. 246 (2021). In Torres, the Court reiterated that trial courts may impose consecutive sentences after considering the Yarbough[2] factors and stating the reasons for imposing consecutives sentences, which reasons should address the overall fairness of the sentence. Id. at 267-68.

Torres instructs trial judges to provide

> [a]n explicit statement, explaining the overall fairness
> of a sentence imposed on a defendant for multiple
> offenses in a single proceeding or in multiple
> sentencing proceedings, is essential to a proper

___

[2] State v. Yarbough, 100 N.J. 627 (1985).

> *Yarbough* sentencing assessment . . . . Acknowledging and explaining the fairness of the overall sentence imposed on the defendant advances critical sentencing policies of the Code, as amplified by *Yarbough*. It remains, in fact, the critical remnant of accountability imposed by *Yarbough*, since the legislative elimination of the outer limit imposed by factor six.
>
> [*Id.* at 268.]

At oral argument, the State acknowledged *Torres* did not express a new rule of law regarding the imposition of consecutive sentences. Rather, *Torres* emphasized that judges must explicitly assess fairness when imposing consecutive sentences.

Here, the judge did not provide the required "explicit statement" amplifying the overall fairness of the sentence imposed. Thus, in accordance with *Torres*, we remand for the trial judge to provide "[a]n explicit statement, explaining the overall fairness" of the sentences imposed.

Affirmed in part and remanded for resentencing in accordance with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0768-19